UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In Re:              )<br>                     )<br>Thomas/Connie McCool )<br>                     )<br>    Debtor(s)       )<br>                     )<br>Thomas McCool, et al. )<br>                     )<br>    Plaintiff(s)    )<br>                     )<br>        v.           )<br>                     )<br>Beneficial          )<br>                     )<br>    Defendant(s)    )  | **JUDGE RICHARD L. SPEER**<br><br>Case No. 09-3308<br><br>(Related Case: 09-33065) |

### DECISION AND ORDER

This cause comes before the Court after a Hearing on the Plaintiffs' Motion for Default Judgment and for Monetary/Punitive Damages. The Plaintiffs' Motion is brought on their Complaint for a violation of the automatic stay and the discharge injunction. The Defendant did file an answer or otherwise appear in this matter. After considering the evidence, as well as the entire record in this case, the Court finds that the Plaintiffs' Motion for Default Judgment should be Granted, and that the Plaintiffs are entitled to an award of damages as provided herein.

### DISCUSSION

Alleging a violation by the Defendant of both the automatic stay and the discharge injunction, the Plaintiffs seek an award of damages from the Defendant. Determinations concerning a violation

Thomas McCool, et al v. Beneficial
Case No. 09-3308

of the automatic stay and the discharge injunction, and the recovery of damages therefrom, are core proceedings pursuant to 28 U.S.C. §§ 157(b)(2)(G)/(O). *See also In re Latanowich*, 207 B.R. 326, 332-33 (Bankr.D.Mass.1997). Thus, in accordance with 28 U.S.C. §§ 1334 and 157(a)/(b)(1), this Court has the jurisdictional authority to enter final orders and judgments in this matter.

When a debtor files a petition for bankruptcy relief, an automatic stay arises. 11 U.S.C. § 362(a). The scope of the automatic stay is broad and, subject to some limited exceptions, operates so as to temporarily enjoin all collection activities related to the collection of a prepetition debt against the debtor. *Id*; *In re Atlantic Business and Community Corp.*, 901 F.2d 325, 327 (3rd Cir. 1990). For acts concerning the debtor, the stay will terminate at "the time a discharge is granted or denied." 11 U.S.C. § 362(c)(2)(C).

If a discharge is granted, the protections formerly afforded a debtor by the automatic stay are replaced by the discharge injunction of 11 U.S.C. § 524(a). Like the automatic stay, the discharge injunction operates so as to enjoin a creditor from undertaking any act to collect or recover against the debtor personally any debt which arose before the commencement of the bankruptcy case. 11 U.S.C. § 524. While there are some differences between the automatic stay and the discharge injunction,[1] their overall effect is the same: to protect the debtor from unlawful collection activities, with the discharge injunction simply making permanent the temporary protections afforded by the automatic stay. *In re Perviz*, 302 B.R. 357, 369 (Bankr. N.D.Ohio 2003).

---

[1] For example, unlike the automatic stay, a debtor seeking to address a creditor's violation of the discharge injunction has no private right of action, but instead, must rely on a court's powers of contempt when seeking redress. *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 422-23 (6th Cir. 2000). Also, an award of damages to a debtor is mandatory when a creditor is found to have willfully violated the automatic stay. 11 U.S.C. § 362(k). The same is not true for a violation of the discharge injunction. *In re Perviz*, 302 B.R. 357, 369 (Bankr. N.D.Ohio 2003).

Page 2

Thomas McCool, et al v. Beneficial
Case No. 09-3308

Another similarity between the two provisions also exists. Whether it is the automatic stay of § 362(a) or the discharge injunction of § 524, a debtor may recover damages, including attorney fees, when it is determined that a creditor's collection activities constituted a willful violation of the stay or discharge injunction. *Id.* at 369-70. For this purpose, a willful violation does not require any specific intent. Rather, the question is simply whether, having knowledge of the stay or discharge injunction, the creditor's actions were intentional. Consequently, a willful violation of the automatic stay or discharge injunction may still exist even though the creditor believed in good faith that its actions were lawful. *In re Atlantic Medical Management Services, Inc.*, 387 B.R. 654, 662 (Bankr. E.D.Pa. 2008), *citing Cuffee v. Atlantic Business and Community Development Corporation (In re Atlantic Business and Community Corporation)*, 901 F.2d 325 (3rd Cir. 1990).

In this matter, the evidence submitted by the Plaintiffs unequivocally establishes that the Defendant, Beneficial, willfully violated both the automatic stay and the discharge injunction, thereby opening the way for an award of damages. First, the record in this case shows the following:

(1) on May 7, 2009, the Plaintiffs filed a petition for relief under Chapter 7 of the Bankruptcy Code;

(2) in the schedules submitted with their petition, the Plaintiffs listed the Defendant as the holder of a secured claim;

(3) the clerk sent notice to the Defendant at the address listed in the Plaintiffs' petition;

(4) the notice sent by the clerk was not subsequently returned to the Court; and

(5) the Court entered an order of discharge on September 10, 2009.

Second, following the commencement of their bankruptcy case, and in some instances the entry of the discharge order, the Defendant sent to the Plaintiffs a total of nine collection notices. In each of these notices, the Defendant demanded that the Plaintiffs tender payment on their account.

Page 3

Thomas McCool, et al v. Beneficial
Case No. 09-3308

Whether involving the automatic stay or the discharge injunction, postpetition notices sent to a debtor demanding payment of a prepetition obligation is a quintessential form of acts undertaken to collect a debt, and therefore such notices are proscribed by bankruptcy law. *Harris v. Memorial Hosp. (In re Harris)*, 374 B.R. 611, 614-15 (Bankr. N.D.Ohio 2007). As compensation for the Defendant's violation of the stay and discharge injunction, the Plaintiffs ask that they be awarded damages as follows: (1) $5,000.00, as compensation for their pain and suffering; and (1) an award of attorney fees in the amount $1,006.25, representing 5.75 hours of work at an hourly rate of $175.00.[2]

To be entitled to an award of damages, a debtor must show an actual injury. *Archer v. Macomb County Bank*, 853 F.2d 497, 500 (6th Cir. 1988). It is the burden of the debtor to prove an actual injury by a preponderance of the evidence. For this burden, a debtor cannot rely on "undue conjecture" or speculation, but instead must support its claim of actual injury with "adequate proof." *Id.* at 499-500.

In support of their claim for pain and suffering, the evidence before the Court was limited to the testimony of the Plaintiff, Mrs. Connie McCool. At the hearing, Mrs. McCool testified that for more than three years she has suffered from a condition known as fibromyalgia. This condition is defined as a medical disorder characterized by chronic widespread pain and allodynia, a heightened and painful response to pressure.[3] Mrs. McCool explained that the condition was exacerbated on account of the extra stress caused to her by the Defendant's collection notices. No evidence corroborating this statement, however, was offered. Also, no claim was made that the

---

[2] At the hearing held in this matter, the Plaintiffs dropped their request for punitive damages.

[3] http://en.wikipedia.org/wiki/Fibromyalgia.

Page 4

collection letters sent by the Defendant permanently exacerbated Mrs. McCools' fibromyalgia or otherwise resulted in a specific injury, requiring medical treatment.

Within this context, it is apparent that the Plaintiffs' damage claim for pain and suffering is based upon emotional distress. However, in this judicial district, the Northern District of Ohio, the propriety of awarding damages for emotional distress is highly questionable. In the case of *U.S. v. Harchar*, the district court, the Hon. Lesley Wells, held that "emotional harm" was not statutorily compensable for a stay violation, finding that only "tangible/economic injuries" qualify for compensation. 331 B.R. 720, 728 (N.D.Ohio 2005).

Yet, even if emotional distress constitutes a compensable form of damages, the evidence in this particular case does not warrant the entry of such an award. Given the ease in which they can be manufactured, claims for damages based purely on emotional distress are not favored in the law. *In re Pawlowicz*, 337 B.R. 640, 646-47 (Bankr. N.D.Ohio 2005). Consistent therewith, this Court has recognized that strong corroborating evidence must be offered, usually in the form of medical evidence, to sustain an award of damages for emotional distress. *Id.*

Regarding her claim of emotional distress, however, the evidence in this case was limited to Mrs. McCool's testimony; no corroborating evidence was offered. In addition, Mrs. McCool's testimony did not establish what is always a necessary element for any claim seeking damages for emotional distress: a close casual connection between the harm and the stay/discharge violation. *In re Dawson*, 390 F.3d 1139 (9th Cir. 2004). For example, it was acknowledged that Mrs. McCool's fibromyalgia was a preexisting condition.

Accordingly, for these reasons, the Court cannot find that, on their claim for pain and suffering, the Plaintiffs' have sustained their burden of showing that, based upon the Defendant's violation of bankruptcy law, Mrs. McCool suffered an actual injury. Notwithstanding, the Court

Page 5

Thomas McCool, et al v. Beneficial
Case No. 09-3308

agrees with the Plaintiffs that the scope of the Defendant's violation of the automatic stay and discharge injunction was not minor. Under the particular conditions of this case, this makes an award of legal fees and nominal damages appropriate.

This Court has recognized that the automatic stay afforded by § 362 operates as a shield, protecting debtors and their estates, and should not be used as a sword for their enrichment. *In re Harris*, 374 B.R. at 617. Resultantly, the Court has not viewed favorably debtors commencing litigation for inadvertent violations of the stay and discharge injunction where a creditor, upon learning of their mistake, immediately takes steps to rectify the situation. *Id*. The Defendant's violations of the stay and discharge injunction in this matter, however, cannot be classified as simple inadvertence, involving nine collection notices sent over a protracted period of time. The Defendant's contempt of the bankruptcy process also continues through the present, with the Defendant not filing an answer or otherwise appearing in this action.

Under these conditions, the Court finds that the Plaintiffs, although they were unable to sustain their claim for pain and suffering, are entitled to an award of nominal damages in the amount of $900.00, representing $100.00 for each of the nine collection notices sent by the Defendant. For the same reason, the Court finds that the Plaintiffs' request for attorney fees in the amount of $1,006.25, representing 5.75 hours of work at an hourly rate of $175.00, is reasonable and compensable. Accordingly, judgment will be entered in the Plaintiffs' favor in the amount of $1,906.25, plus interest.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Thomas McCool, et al v. Beneficial
Case No. 09-3308

    Accordingly, it is

    ***ORDERED*** that the Plaintiffs' Motion for Default Judgment, be, and is hereby, GRANTED.

    ***IT IS FURTHER ORDERED*** that the Plaintiffs are hereby awarded judgment against the Defendant, Beneficial, in the amount of $1,906.25, with interest to accrue at the statutory rate as provided in 28 U.S.C. § 1961.

    ***IT IS FURTHER ORDERED*** that, as provided herein, the clerk, United States Bankruptcy Court, shall issue a separate monetary judgment.

    Dated: April 27, 2010

_/s/ Richard L. Speer_
Richard L. Speer
United States
Bankruptcy Judge

# CERTIFICATE OF SERVICE

Copies were mailed this 27th day of April 2010 to:

Beneficial
C/o CT Corporation System
1300 East 9th Street
Cleveland, OH 44114

Connie J. McCool
20 Lemmon Street
Attica, OH 44807

Thomas H. McCool
20 Lemmon Street
Attica, OH 44807

Gregory E. Pawlowski
Donald Harris Law Firm
158 East Market Street, Suite 302
Sandusky, OH 44870

                                              /s/Jennifer S Huff
                                       Deputy Clerk, U.S. Bankruptcy Court